IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROCHELLE GASPARD GORDON, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-0528 |
| § | |
| JPMORGAN CHASE BANK, N.A., § | |
| *et al.*, § | |
|     Defendants. § | |

## **MEMORANDUM AND ORDER**

This foreclosure case is before the Court on the Motion to Dismiss [Doc. # 5] filed by Defendants JPMorgan Chase Bank, N.A. and Chase Home Finance, LLC (collectively, "Chase"), to which Plaintiff Rochelle Gaspard Gordon filed a Response [Doc. # 7], and Chase filed a Reply [Doc. # 8]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

**I.    BACKGROUND**

In July 2008, Plaintiff obtained a $190,000.00 loan ("Loan") that she used to purchase real property in Houston, Texas. The Loan was evidenced by a Promissory Note (Exhibit B to Motion to Dismiss) and was secured by a Deed of Trust (Exhibit A to Motion to Dismiss). Plaintiff concedes that she defaulted on the payment obligations under the Promissory Note.

Plaintiff contacted Chase about obtaining a loan modification. In connection with those discussions, Plaintiff received and signed a "Forbearance Agreement" (Exhibit C to Motion to Dismiss). Plaintiff also entered into a "Trial Period Plan." Plaintiff was not, however, offered a permanent loan modification and the property was scheduled for foreclosure.

Plaintiff filed this lawsuit in February 2012, seeking to require Chase to enter into a permanent loan modification agreement, to preclude foreclosure on her property, and to obtain monetary damages. Plaintiff asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of an implied contract, and promissory estoppel.

Defendants filed the pending Motion to Dismiss, asserting that Plaintiff had released her claims against Chase in the Forbearance Agreement and, alternatively, that Plaintiff failed to state a claim upon which relief can be granted as to any of her four causes of action. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally

construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. Nonetheless, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary

determination of whether a claim has been stated." *Collins*, 224 F.3d at 499.  These are documents discussed in Plaintiff's Complaint and whose authenticity no party questions.

### III.     THE FORBEARANCE AGREEMENT

Plaintiff alleges that she signed the Forbearance Agreement, attached as Exhibit C to the Motion to Dismiss.  In the Forbearance Agreement, Plaintiff agreed that the "total debt past due" was $20,017.89, and that Chase was entitled to collect the full amount owed under the Loan Documents.  In exchange for Defendants refraining from exercising their rights under the Loan Agreement and the Deed of Trust, Plaintiff agreed that the Loan Agreement remained in full force and effect.  Plaintiff agreed also to release Defendants from "any claims, actions or causes of action, defenses, counterclaims or setoffs of any kind" which Plaintiff "now or hereafter may assert against [Defendants] in connection with the making, closing, administration, collections or the enforcement by [Defendants] of the Loan Documents."  *See* Forbearance Agreement, ¶ 11.  Plaintiff agreed to waive and relinquish any such claims.  *See id.*  The Forbearance Agreement provides that it "may not be supplemented, changed, waived, discharged, eliminated, modified or omitted except by written document" between Plaintiff and Chase, and that "neither parol evidence nor any prior or other agreement shall be permitted to contradict or vary" the terms

of the Forbearance Agreement. *See id.*, ¶ 12. Plaintiff's signature indicated her agreement that there were "no promises, conditions, or obligations other than those contained in [the Forbearance] Agreement." *See id.*

Plaintiff released Defendants from, and waived and relinquished, all claims asserted in this lawsuit. As a result, Defendants are entitled to dismissal of those claims. Because the Forbearance Agreement contains a clear release of all claims, amendment of the complaint in this case would be futile.

## IV. ANALYSIS

In addition to having released Defendants from the claims asserted in this case, Plaintiff alleges facts that establish she cannot state a claim for which relief can be granted as to those claims.

### A. Breach of Contract Claim

Plaintiff alleges that Chase breached a contract by failing to provide her with a permanent loan modification. In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).

Plaintiff has not alleged the existence of a valid contract for Chase to provide a permanent loan modification. To establish the existence of an enforceable contract,

a plaintiff must show, *inter alia*, that there was an offer and acceptance in strict compliance with the terms of the offer. *See Southern v. Goetting*, 353 S.W.3d 295, 299 (Tex. App. – El Paso 2011, reh'g denied) (citing *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007)). Plaintiff alleges only that the parties engaged in negotiations, not that there was a specific offer and the acceptance of that offer to form a contract for a loan modification. Indeed, Plaintiff alleges specifically that she "was being considered for a modification" but that "Chase has refused to conclude the loan modification process." *See* Complaint [Doc. # 1], ¶ 57.

Plaintiff has failed to allege facts that state a claim for breach of contract and, as a result, Chase is entitled to dismissal of the breach of contract claim.

### B. Breach of Covenant of Good Faith and Fair Dealing

Plaintiff alleges that Chase breached the duty of good faith and fair dealing by failing to offer her a permanent loan modification. Texas law does not recognize a general duty of good faith and fair dealing in arms-length transactions such as a mortgage loan agreement. *See English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). As a result, Chase is entitled to dismissal of Plaintiff's claim that it breached the duty of good faith and fair dealing.

### C.     Breach of Implied Contract and Promissory Estoppel

Plaintiff alleges that Defendants promised to enter into a loan modification agreement.  Plaintiff alleges that Chase's failure to comply with that promise constitutes breach of an implied contract.  Plaintiff also asserts a promissory estoppel claim.

Under Texas law, the statute of frauds requires all loan agreements involving more the $50,000.00 to be in writing and signed by the party to be bound in order to be enforceable.  *See* TEX. BUS. & COM. CODE § 26.02(b).  A "loan agreement" for purposes of the statute of frauds is defined to include promises by a financial institution to "delay repayment of money . . . or make a financial accommodation." *See* TEX. BUS. & COM. CODE § 26.02(a)(2).  Plaintiff's claim that Chase promised to make a financial accommodation by delaying foreclosure accordingly is barred by the Texas statute of frauds.  *See id.; Burnette v. Wells Fargo Bank, N.A.*, 2010 WL 1026968, *5 (E.D. Tex. Feb. 16, 2010) (quoting *Krudop v. Bridge City State Bank*, 2006 WL 3627078, *4 (Tex. App. – Beaumont Dec. 14, 2006, pet. denied)).

Promissory estoppel regarding a loan agreement exceeding $50,000.00 requires that the "promisor promised to sign a written document that would satisfy the statute of frauds."  *Burnette*, 2010 WL 1026968 at *7 (citing *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App. – Corpus Christi 2001, no pet.)).  Plaintiff

has not alleged that Defendants promised to sign a written document that would satisfy the statute of frauds as to the alleged promise to enter into a loan modification agreement. As a result, Plaintiff has failed to state a claim of promissory estoppel. Defendants are entitled to dismissal of Plaintiff's breach of implied contract and promissory estoppel claims.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff released her claims against Chase by entering into the Forbearance Agreement. Additionally, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 5] is **GRANTED** and this case is **DISMISSED**. The Court will issue a separate Dismissal Order.

SIGNED at Houston, Texas, this **30th** day of **April, 2012**.

_____
Nancy F. Atlas
United States District Judge